### ROEBER v. NEW YORKER STAATS ZEITUNG.

(Supreme Court, Appellate Division, First Department.   March 6, 1896.)

APPEAL TO COURT OF APPEALS—WHEN ALLOWED.
> An appeal from the general term to the court of appeals will not be allowed where the question is one of pleading, which does not go to the merits of the action.

On motion for reargument.   Denied.

For prior report, see 37 N. Y. Supp. 255.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Franklyn Pierce, for the motion.

Joseph C. Levy, opposed.

PER CURIAM.   The cases cited by the appellant are perfectly familiar to the court, and the principle therein established was not overlooked upon deciding the appeal. A particular clause of the answer was demurred to on the ground that it was not sufficient as a justification. To sustain the demurrer, it must appear that the clause in question was pleaded as a justification, and that the allegations contained in the clause were not good as a justification. We agree with the appellant that it was not good as a justification, but we held that the clause in question was not demurrable on that ground, because it was not pleaded as a justification. And we pointed out that the appellant had mistaken his remedy, in demurring, instead of applying to compel the defendant to make his answer more definite and certain by alleging whether or not the clause in question was pleaded as a justification, or in mitigation of damages. By the ninth clause of the answer the allegations in the eighth clause, which is the one demurred to, are expressly stated to be alleged in mitigation of damages, and, as thus pleaded, are proper allegations in the answer. We did not overlook the rule, which is well settled, that, where the truth of the libel is alleged, that will be treated as a defense by way of justification, although it is not separately stated as a defense in the answer, or not expressly alleged to be a justification. But that only applies to an answer that expressly alleges the truth of the libel, and, as this clause demurred to failed to allege the truth of the libel, it was not a justification. And as the pleader did not expressly state it to be a justification, but did expressly allege the facts in mitigation of

damages, we could not assume that it was a plea of justification, for the purpose of holding it bad as such a plea.

We do not think we would be justified, in this case, in allowing an appeal to the court of appeals. The crowded condition of the calendar of that court, and the action of the people in adopting the new constitution, have indicated an intention of restricting the questions that are to be passed upon by the court to orders or judgments which finally dispose of a litigation. This objection can be taken on the trial, and there is nothing presented in the question here that would justify us in certifying that there is a question of law that should be reviewed by the court of appeals; the only question being one of pleading, which does not go to the merits of the action. The motion, therefore, for a reargument, or for leave to go to the court of appeals, should be denied, with $10 costs. All concur.